# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CLINTON WAYNE MORGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:13CV13 SNLJ |
| | ) |
| IAN WALLACE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 1023423), an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff will not be assessed an initial partial filing fee at this time. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted a brief indicating that he has been unable to attain a prisoner account statement. Accordingly, he will not be assessed an initial partial filing fee at this time.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights during his incarceration at the Southeastern Correctional Center ("SECC"). Named as defendants are Ian Wallace, Warden, and Cheryl Thompson, Functional Unit Manager. Both individuals are named in both their official and individual capacities.

Plaintiff states that he received a conduct violation on October 30, 2011 during his incarceration at SECC for "conspiracy to introduce an illegal substance" into the prison population. He states that his conduct violation was in violation of Institutional Rule #11.2, for which he was originally told he would be placed in administrative segregation for a minimum of twenty (20) days. Plaintiff asserts that each time his case has been reviewed by the Administrative Segregation Review Committee, they have continued his confinement in the Segregation Unit "due to the serious nature of the violation."[1] On several occasions his case was reviewed directly by defendant Thompson, the Chair of the Committee, who continued to increased his time in administrative segregation and told him that "they are taking these #11.2s more seriously now and that is the reason for the [psychological assessment request]." In fact, defendant Thompson told him that he is being held there "indefinitely" until a psychological assessment can be arranged for him, although plaintiff has not been given a reason for a psychological assessment.

Plaintiff has appealed his extended time in administrative segregation directly to defendant Wallace. He complained that the Institutional Rules "see" an #11.2 as a

---

[1]Plaintiff states that his case has been reviewed on several different occasions, or at least nine (9) different times since he was transferred back from Crossroads Correctional Center.

"minor" violation, and he should not still be housed in administrative segregation more than one-year later. Plaintiff has attached to his complaint defendant Wallace's September 21, 2012, response to his grievance. Regarding the length of time spent in administrative segregation, Wallace states, "As stated in your IRR response, you were assigned to administrative segregation due to the nature of conduct violation Rule #11.2 on 10/20/11. Trying to introduce illegal substances into an institutional setting is a threat to the safety and security of the institution. Once the administrative segregation committee and Warden deem necessary, you will be released to general population."

Plaintiff takes issue with the length of time defendant Wallace took to respond to his grievance. However, the majority of his complaint concerns his belief that the extended time he has been kept in administrative segregation is a violation of his due process rights.

Plaintiff asks the Court for uniform guidance for the Missouri Department of Corrections, setting forth the number of days that an inmate can be kept in administrative segregation for a violation of each specific rule. Plaintiff additionally seeks an order directing defendants to release him from administrative segregation. Last, plaintiff seeks an order from this Court directing defendants to follow their own grievance procedures.

**Discussion**

For the Due Process Clause to be implicated, an inmate must be subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472 (1995). Plaintiff has alleged that he has spent more than a year at SECC in administrative segregation based on one specific conduct violation. Although he notes that his case has been routinely "reviewed," plaintiff's allegations are still sufficient to implicate a liberty interest at this juncture of the case based on the sheer length of time he has spent in administrative segregation. As such, the Court will direct the Clerk to issue process on plaintiff's due process claims against defendants Wallace and Thompson in their individual capacity.

Plaintiff's claims against defendants however, in their official capacity, are subject to dismissal. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." Id. As a result, the complaint fails to state a claim upon which relief can be granted against defendants in their official capacity.

Last, the Court will respond to plaintiff's assertions regarding defendant Wallace's failure to timely respond to his grievance. "In the context of a state prison system, an inmate grievance procedure is not constitutionally required." Spencer v.

Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). "If the state elects to provide a grievance mechanism, violations of its procedures do not deprive prisoners of federal constitutional rights. Therefore, a state's failure to follow its grievance procedures does not give rise to a § 1983 claim." Id. As such, plaintiff's assertions regarding defendant Wallace's failure to follow the State's own grievance procedures fails to rise to the level of a constitutional violation and must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the no initial partial filing fee shall be assessed at this time.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Wallace and Thompson in their individual capacities through the waiver agreement the Court maintains with the Missouri Attorney General's Office.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendant Wallace and Thompson shall reply to plaintiff's claims within the time

provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to plaintiff's claims against defendants in their official capacities because these claims are legally frivolous or fail to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to plaintiff's claims that defendants failed to respond to his grievances in a timely manner because these claims are legally frivolous or fail to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 12th day of March, 2013.

_/s/ Stephen N. Limbaugh, Jr._
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE