UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CLINTON WAYNE MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:13CV13 SNLJ |
| | ) | |
| IAN WALLACE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is defendants' motion to dismiss plaintiff's complaint, brought pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants' motion to dismiss will be denied for the following reasons.

**Factual Background**

Plaintiff filed this action in January of 2013, pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights during his incarceration at Southeastern Correctional Center ("SECC"). In his complaint, plaintiff makes allegations against defendants Ian Wallace, Warden of SECC, and Cheryl Thompson, Functional Unit Manager.

Plaintiff states that he received a conduct violation on October 30, 2011 during his incarceration at Crossroads Correctional Center ("CRCC") for "conspiracy to

introduce an illegal substance" into the prison population.[1] He states that his conduct violation was in violation of Institutional Rule #11.2, for which he was originally told he would be placed in administrative segregation for a minimum of twenty (20) days. Plaintiff asserts that each time his case was reviewed by the Administrative Segregation Review Committee, they continued his confinement in the Segregation Unit, telling him it was "due to the serious nature of the violation."[2] He claims that on several occasions his case was reviewed directly by defendant Thompson, the Chair of the Committee, who continued to increase his time in administrative segregation, telling him that "they are taking these #11.2s more seriously now and that is the reason for the [psychological assessment request]." In fact, defendant Thompson told him that he is being held there "indefinitely" until a psychological assessment can be arranged for him, although plaintiff has not been given a reason for a psychological assessment. Generally, plaintiff complains that his reviews are nothing more than a rubber-stamping of his continued confinement and that he has been given different and changing reasons for his continued confinement in order to keep him in administrative segregation.

Plaintiff claims that he appealed his extended time in administrative segregation directly to defendant Wallace. He states that he complained that the Institutional Rules

---

[1] Plaintiff was later moved to SECC.

[2] Plaintiff states that his case has been reviewed on several different occasions, or at least nine (9) different times since he was transferred back from Crossroads Correctional Center. He claims that these reviews have been pro forma, or rubber-stamps - done simply to keep him confined in administrative segregation.

"see" an #11.2 as a "minor" violation, and he should not still be housed in administrative segregation more than one-year later. Plaintiff has attached to his complaint defendant Wallace's September 21, 2012, response to his grievance. Regarding the length of time spent in administrative segregation, Wallace states, "As stated in your IRR response, you were assigned to administrative segregation due to the nature of conduct violation Rule #11.2 on 10/20/11. Trying to introduce illegal substances into an institutional setting is a threat to the safety and security of the institution. Once the administrative segregation committee and Warden deem necessary, you will be released to general population."

Plaintiff takes issue with the length of time defendant Wallace took to respond to his grievance. However, the majority of his complaint concerns his belief that the extended time he has been kept in administrative segregation is a violation of his due process rights.

Plaintiff asks the Court for uniform guidance for the Missouri Department of Corrections, setting forth the number of days that an inmate can be kept in administrative segregation for a violation of each specific rule. Plaintiff additionally seeks an order directing defendants to release him from administrative segregation. Last, plaintiff seeks an order from this Court directing defendants to follow their own grievance procedures.

**Redundancy of the Plaintiff's Motion**

When a Court conducts an initial screening of a case pursuant to 28 U.S.C. § 1915(e)(2)(B) and allows a plaintiff to proceed with claims against any of the defendants, the Court has determined that the complaint, with regard to those defendants, is not frivolous or malicious and, in fact, does state a claim or cause of action.

In this case, the Court has already screened the complaint under § 1915(e)(2)(B) [Doc. #5]. The Court specifically found that plaintiff's allegations, as stated in the complaint, implicated the due process clause under <u>Sandin v. Conner</u>, 515 U.S. 472 (1995). As noted above, plaintiff has alleged that he has spent more than a year at SECC in administrative segregation based on one specific conduct violation. Although he notes that his case has been routinely "reviewed," the Court found that plaintiff's allegations were still sufficient to implicate a liberty interest at this juncture of the case based on the sheer length of time he has spent in administrative segregation and the hardships plaintiff states he has experienced while being housed there.

The Court then dismissed the official claims against defendants. Had the Court determined that the entirety of plaintiff's claims were frivolous or failed to state a claim upon which relief could be granted, all of plaintiff's claims would have been dismissed at that time. As defendants are aware, this was not done. As such,

the instant motion to dismiss is redundant, or at best, should be considered a motion for reconsideration of the Court's initial review of plaintiff's complaint.

Whatever the procedural characterization of defendants' motion, the Court will substantively review defendants' motion to dismiss at this time. However, defendants are cautioned to ensure that they have fully reviewed the record before filing any additional motions in this case. Moreover, all future filings must be in compliance with Fed.R.Civ.P. 11.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the legal sufficiency of a complaint so as to eliminate claims "which are fatally flawed in their legal premises ... thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir.2001) (citing Neitzke v. Williams, 490 U.S. 319, 326–27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). To survive a motion to dismiss for failure to state a claim, a complaint need not contain "detailed factual allegations," but it must contain facts with enough specificity "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). As the United States Supreme Court reiterated in Ashcroft v. Iqbal, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements," will not pass muster under Twombly.

Upon considering a motion to dismiss, a federal court must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. Fed.R.Civ.P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); Davenport v. Farmers Ins. Grp., 378 F.3d 839, 842 (2004). The task of a court is then "to review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation." Zoltek Corp. v. Structural Polymer Grp., 592 F.3d 893, 896 n. 4 (8th Cir.2010) (citing Braden v. Wal–Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir.2009) (noting "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible")).

## Discussion

Because this case is before the Court on a motion to dismiss, the Court assumes all facts alleged in the complaint as true. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008). At this stage of the litigation, the Court finds that plaintiff's allegations against defendants are sufficient to withstand defendants' motion to dismiss.

For the Due Process Clause to be implicated, an inmate must be subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life."

Sandin v. Conner, 515 U.S. 472 (1995). Plaintiff has alleged that he has spent more than a year at SECC in administrative segregation based on one specific conduct violation. Although he notes that his case has been routinely "reviewed," plaintiff's allegations are sufficient to implicate a liberty interest at this juncture of the case based on the sheer length of time he has spent in administrative segregation and the allegations he makes regarding the lackluster, or "rubberstamping," type of "review" he has received. See, e.g., Hewitt v. Helms, 459 U.S. 460 n.9 (1983); see also Kelly v. Brewer, 525 F.2d 394, 399-400 (8th Cir. 1975) (where inmate is held in administrative segregation for prolonged or indefinite period, due process requires that his situation be reviewed periodically in meaningful way; administrative segregation is not punitive, it looks to present and future rather than to past, and it involves exercise of administrative judgment and prediction of what inmate will probably do or have done to him if he is permitted to return to population after period of segregation; reason for segregation must not only be valid at outset but must continue to subsist during period of segregation); Clark v. Brewer, 776 F.2d 226, 232 (8th Cir. 1985) ("Having found that a liberty interest does in fact exist in this case, we must next determine what process is necessary to protect that interest.").

The Court will also deny defendants' conclusory request for dismissal on the basis of qualified immunity. Defendants' argument relies entirely on the assertion that plaintiff's allegations fail to rise to the level of a constitutional violation. As the

Court has twice now found that plaintiff's allegations implicate the due process clause, defendants' argument for qualified immunity is entirely without merit.[3]

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [Doc. #17] is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' shall respond to plaintiff's motion for preliminary injunction within twenty (20) days of the date of this Memorandum and Order.

Dated this  3rd  day of June, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Additionally, the Court finds that meaningful, periodic review of administrative segregation has been a clearly established right for some time. See, e.g., Kelly, 525 F.2d at 400; Williams v. Hobbs, 662 F.3d 994 (8th Cir. 2011). Whether, of course, such a meaningful review occurred, is truly a matter for summary judgment.